931 F.2d 895
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew WALKER, Plaintiff-Appellant,
v.
UNITED STATES of America and Property Officer Lundford,
Defendants-Appellees.
 No. 89-1993.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1991.*
Decided April 23, 1991.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 This case concerns a missing combination lock. One might ask why a prisoner needs a padlock, but pro se plaintiff Andrew Walker claims that his was lost, and he is entitled to $6.50--not the $4.50 replacement value offered by the government. Walker appeals from the district court's denial of his request to proceed in forma pauperis and the dismissal of his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 2
 Walker, a prisoner in the federal penitentiary at Marion, Illinois, was formerly incarcerated at the penitentiary in Terre Haute, Indiana. He alleges that on March 6, 1988, his personal property was packed by a prison official in preparation for confinement in the segregation unit. At the time, he had two combination locks, both of which were packed and noted on a property list. When he was transferred back out of segregation, one lock was missing.
 
 
 3
 He filed a tort claim seeking $6.50 in damages. The Bureau of Prisons at first denied the claim, but on reconsideration offered Walker $4.50 as the replacement value of the lock. Walker rejected this settlement, and instead filed a complaint against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 1346(b), and against Property Officer Lundford seeking $6.50 in damages.
 
 
 4
 Walker charged that this loss of property denied him due process. The district court dismissed the claim, noting that it was Walker's eighth in the past two years concerning his confinement at Terre Haute. The court held that the action was frivolous under section 1915(d) because it failed to state an arguable basis for relief as a Bivens action or under the FTCA.
 
 
 5
 Regarding the Bivens claim, Walker alleged a violation of due process based on the action--or perhaps inaction--of Officer Lundford. He argues that Lundford was negligent in the care of his lock. Negligence does not violate the constitution and cannot form the basis for such a suit. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333 (1986). The district court properly dismissed this claim as frivolous.
 
 
 6
 Next, Walker claims that he is entitled to $6.50 for the lock and not the $4.50 offered by the government. At the outset we must note that FTCA has no minimum jurisdictional amount. Sellers v. United States, 902 F.2d 598, 601 (7th Cir.1990). But even if the court has jurisdiction, this de minimis claim can still be frivolous. Assuming that a new lock at the prison commisary costs $6.50, Walker's used lock was worth something less than that. We agree with the district court's common sense perspective, that the government's offer of two-thirds of the original cost of the lock would give Walker everything he was entitled to under the FTCA. His claim is frivolous.
 
 
 7
 The decision of the district court denying Walker's request to proceed in forma pauperis and dismissing the action as frivolous pursuant to section 1915(d) is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Plaintiff-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record